UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES DAVID GRIEPSMA,

                Plaintiff,

     v.

CHRISTIAN J. ANDERSEN, et al.,

                Defendants.

Case No. 2:21-cv-00302-RJB-TLF

ORDER

This matter comes before the Court on plaintiffs' motions for appointment of counsel (Dkt. 8) and to demand trial by jury (Dkt. 9).

**A.    Motion to Demand Jury Trial (Dkt. 9)**

Plaintiff has filed a "motion to demand jury trial." Dkt. 9. Plaintiff's motion is unnecessary, as his complaint already contains a jury demand. Dkt. 1 at 1. Plaintiff's motion (Dkt. 9) is therefore DENIED as moot.

**B.    Motion for Appointment of Counsel (Dkt. 8)**

Plaintiff seeks appointment of counsel. Dkt. 8. Plaintiff argues that he is indigent, has been unable to retain counsel, that his ability to investigate and research his case is restricted by his confinement in segregation, that the case involves issues regarding deliberate indifference and intent requiring research and investigation, and that counsel would be better equipped to examine witnesses at trial. *Id*. at 2.

ORDER - 1

In civil cases, the appointment of counsel to a pro se litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). A plaintiff has no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved," to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff has not identified conditions that render this case extraordinary. The issues he identifies are faced by any incarcerated litigant. Furthermore, plaintiff has demonstrated that he has a sufficient grasp of the legal issues involved in this case and has been able to adequately articulate the factual basis of his claim. Indeed, his complaint was sufficiently presented to pass this Court's screening and to be served

ORDER - 2

upon defendants. Dkt. 6. In addition, at this early stage of the litigation, the Court cannot determine whether plaintiff is likely to prevail on the merits.

This case does not, at this time, present extraordinary circumstances supporting the appointment of counsel. See *Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues [warranting appointment of counsel]."). The Court therefore DENIES plaintiff's motion for appointment of counsel without prejudice.

**C.     Appointment of Expert Witnesses**

Plaintiff's motion also requests the appointment of expert witnesses to act on plaintiff's behalf. Dkt. 8 at 2.

The *in forma pauperis* statute, 28 U.S.C. § 1915, does not provide for the payment of fees and expenses for witnesses, see *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993), or for the waiver of such fees and expenses. See *Hadsell v. Comm'r Internal Revenue Serv.,* 107 F.3d 750, 752 (9th Cir. 1997). Federal Rule of Evidence 706 allows the court to appoint a *neutral* expert. *Students of Cal. Sch. For the Blind v. Honig,* 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds,* 471 U.S. 148 (1985). However, "[r]easonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Walker v. Woodford,* 2008 WL 793413 at *1 (S.D. Cal., March 24, 2008) (citation omitted).

Here, plaintiff is not seeking the appointment of neutral experts, but instead is seeking expert testimony solely for the benefit of proving his case. Dkt. 8 at 2. This is

not the function of a neutral expert witness and appointment for such a purpose would be inappropriate. *See Spinks v. Lopez*, 2014 WL 411283, at *2 (E.D. Cal. Feb. 3, 2014), *subsequently aff'd,* 623 F. App'x 499 (9th Cir. 2015) ("The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant[.]"). Plaintiff's motion to appoint expert witnesses (Dkt. 8) is DENIED.

Dated this 3rd day of May, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 4