UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES DAVID GRIEPSMA,<br><br>                Plaintiff,<br>    v.<br><br>CHRISTIAN J ANDERSEN, GUILLERMO GARCIA, JOHN DOE 1, BRANDON WEBB, VITALIY BOYCHENKO, JONATHAN SCOTT, MICKEY ALVIS, JOHN DOE 2, JOHN DOE 3, JACOB GRILLO, JOAN PALMER, DANIEL W WHITE, JACKSON STAMLER, DOUGLAS FADDIS, CAMERON BANAS,<br><br>                Defendants. | Case No. C21-302 LK-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: JANUARY 27, 2022 |

This matter comes before the Court on pro se Plaintiff's James Griepsma's Motion for Default Judgment pursuant to Federal Rules of Civil Procedure 55(a) and 55(b)(1) against defendants Anderson, Garcia, Stamler, Faddis and Banas (collectively, the "Skagit defendants"). Dkt. 74. Based on a review of the motion and record herein, the undersigned recommends this motion should be denied.

### INTRODUCTION AND BACKGROUND

The Amended Complaint in this matter was filed on August 3, 2021. *See* Dkt. 43. A Notice of Appearance was made on behalf of the Skagit defendants on August 17, 2021. *See* Dkt. 48. On August 17, 2021, the Skagit defendants filed an answer to

REPORT AND RECOMMENDATION - 1

plaintiff's amended complaint. *See* Dkt. 49. On December 1, 2021, plaintiff filed the instant motion for default judgment. Dkt. 74.

## STANDARDS FOR DEFAULT JUDGMENT

Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Second, after the defendant's default is entered, the plaintiff may apply for judgment based on the default under Rule 55(b). This is a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Put another way, "an entry of default is a prerequisite to a default judgment under Rule 55(b)." *Francis v. J.C. Penney Corp.*, No. C09-5061 FDB, 2009 WL 3761999, at *1 (W.D. Wash. Nov. 6, 2009) (quoting *Lee v. Bhd. of Maint. of Way Employees*, 139 F.R.D. 376, 380 (D. Minn. 1991)). While entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp.2d 1068, 1071 (C.D. Cal. 2004). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.*

In this situation, plaintiff has not obtained an order of default prior to filing the instant motion for default judgment. Further, plaintiff is not entitled to an order of default. A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. A Notice of Appearance and an Answer to the Amended Complaint has been filed by the Skagit defendants. Thus,

plaintiff is not entitled to an order of default. There being no default, there can be no default judgment.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment against the Skagit defendants should be denied. The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **January 27, 2022**, as noted in the caption.

Dated this 13th day of January, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTING DATE: JANUARY 27, 2022 - 3