UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES DAVID GRIEPSMA,<br><br>            Plaintiff,<br>v.<br><br>CHRISTIAN J ANDERSEN, et al.,<br><br>           Defendants. | Case No. C21-302 LK-TLF<br><br>REPORT AND RECOMMENDATION ON MOTION TO SUPPLEMENT OR MOTION TO AMEND THE COMPLAINT<br><br>NOTING DATE: MARCH 2, 2022 |

Currently pending before the Court is Plaintiff James David Griepsma's "Request for Permission to File (Proposed) 42 U.S.C. 1983 Supplemental Prisoner Civil Rights Complaint Under F.R.C.P. 15(d) With Jury Demand" ("Motion to Supplement"). Dkt. 92. After considering the relevant record, Plaintiff's Motion (Dkt. 92) should be denied.

    I.      Background

Plaintiff initiated this action on March 5, 2021. Dkt. 1-1; Dkt. 5. He alleges a number of claims, beginning with allegations that on April 3, 2019, Defendants subjected him to cruel and unusual punishment and violated his due process rights from use of force during and after his sentencing hearing, and conditions-of-confinement allegations of failure to provide constitutionally adequate medical care. *Id.* On August 3, 2021, this Court granted Plaintiff leave to amend his complaint to substitute the names of defendants formerly identified as "John Doe." Dkts. 41, 42, 43.

REPORT AND RECOMMENDATION ON MOTION TO
SUPPLEMENT OR MOTION TO AMEND THE
COMPLAINT - 1

On January 14, 2022, Plaintiff filed a motion requesting permission from the Court to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). Dkt. 92. Plaintiff also filed a proposed supplemental complaint. Dkt. 93.

II.     Discussion

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after the date of the pleading to be supplemented.*" Fed. R. Civ. P. 15(d) (emphasis added). It does not appear Plaintiff seeks to supplement his complaint pursuant to Rule 15(d) by adding events that occurred after the date of the amended complaint (Dkt 43). *See* Dkts. 92 and 93. The additional factual allegations stem from a set of documents (attached to the proposed supplemental complaint, Dkt 93) that relate to the events in 2019 that are alleged in the current amended complaint (Dkt. 43). *Id.*

Plaintiff also made some minor changes to his existing allegations, but those changes do not appear to add allegations or claims that follow the date of the second amended complaint. *Id.* Because Plaintiff is not alleging new facts related to the claims in this case that occurred after the date of the second amended complaint, Plaintiff has not shown supplementation is proper.

While Plaintiff specifically stated he is seeking to supplement his second amended complaint rather than amend it, having reviewed the content of the proposed supplemental complaint, the Court would interpret the Plaintiff's request as more consistent with a motion for leave to amend. Yet, even if the Court construes this as a motion to amend, the motion fails to comply with Western District of Washington Local Civil Rule ("LCR") 15.

Under LCR 15, a party seeking leave to amend a pleading must "attach a copy of the proposed amended pleading as an exhibit to the motion[.]" The party must also "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added."

Plaintiff has not provided a proposed amended complaint that complies with LCR 15. Therefore, the Court should refuse to grant Plaintiff leave to file an amended complaint.

III.   Conclusion

The Court finds Plaintiff has not shown supplementation of his Complaint is proper. His motion to supplement should therefore be denied.

Further, Plaintiff has not complied with LCR 15 and therefore the Court should decline to grant him leave to amend. If Plaintiff decides to file a motion to file an amended complaint, he must submit the entire amended complaint (not a supplement) to the Court with brackets or strike-throughs to show what is being deleted, and underlining or highlighting to show what is being added. Accordingly, Plaintiff's Motion (Dkt. 92) is interpreted liberally as a motion to allow the filing of an amended complaint, but it should be denied without prejudice, due to his failure to follow LCR 15.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the

parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2).

Accommodating this time limitation, this matter shall be set for consideration on **March 2, 2022**, as noted in the caption.

Dated this 16th day of February, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTING DATE: MARCH 2, 2022 - 4