UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES DAVID GRIEPSMA,<br><br>                        Plaintiff,<br><br>             v.<br><br>CHRISTIAN J ANDERSEN, et. al,<br><br>                        Defendants. | Case No. C21-302 LK-TLF<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE AND MOTION TO COMPEL |

This matter comes before the Court on *pro se* Plaintiff James David Griepsma's motion to extend the discovery deadline by 60 days (Dkt. 95) and his motion to compel discovery (Dkt. 97) against defendants Anderson, Garcia, Stamler, Faddis and Banas (the "Skagit defendants") and defendants Brandon Webb, Vitaliy Boychenkp, Jonathan Scott, Mickey Alivs, Jacob Grillo, Joan Palmer and Daniel White ("the "DOC Defendants") (collectively, "Defendants"). After considering the relevant record, Plaintiff's motions are DENIED.

DISCUSSION

**A.  Plaintiff's Motion to Extend the Discovery Deadline**

Plaintiff moves the Court to extend the discovery deadline (which expired on January 18, 2022) by 60 days,. Dkt. 95. Plaintiff alleges that non-party Department of Corrections ("DOC") is obstructing his access to materials and requests that the Court order DOC to "stop denying" him "access to the Courts" and his "legal materials". *Id.* at

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND
THE DISCOVERY DEADLINE AND MOTION TO
COMPEL - 1

2-4. He also cites to pain in his hand and the resulting difficulty in writing as another reason to extend the discovery deadline. *Id.* at 7. Finally, Plaintiff requests that the Court appoint him counsel. *Id.* at 10. Plaintiff did not identify any new or additional discovery that he has been unable to secure within the time provided in the scheduling order.

A scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). Under the stringent requirement of good cause in Fed. R. Civ. P. 16(b), the Court considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause for modification of pretrial order's scheduling deadline means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking the extension; carelessness is not compatible with finding of diligence and offers no reason for grant of relief. *Id.*; *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted).

With respect to Plaintiff's allegations against the DOC, the DOC is not a party to this action. The Court will not attempt to compel the DOC to act, particularly in a way that violates DOC's determination of how to best and most safely run its prisons. *See Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418 (1957) (it is axiomatic that federal courts do not have jurisdiction over non-parties). To the extent that Plaintiff alleges that DOC violated his constitutional right of access to courts, the Court will not consider this claim considering DOC is a non-party and Plaintiff did bring forth this specific claim in his amended complaint. Dkt. 43.

ORDER DENYING PLAINTIFF'S MOTION TO EXTEND
THE DISCOVERY DEADLINE AND MOTION TO
COMPEL - 2

1     Plaintiff also cites to permanent pain in his hand as another reason for the Court
2 to grant his discovery extension request. However, Plaintiff does not explain how extra
3 time would help with his permanent condition and his ability to litigate his case.
4     Finally, as for plaintiff's request for the appointment of counsel, the Court will not
5 consider this request because plaintiff failed to bring forth a proper motion under LCR 7.
6     Plaintiff has failed to show good cause to amend the scheduling order and
7 extend the discovery deadline by 60 days. Thus, plaintiff's motion is DENIED.
8     **B.  Plaintiff's Motion to Compel**
9     Plaintiff contends that defendants' responses to discovery requests were
10 insufficient and inappropriate. Dkt. 97 at 8-11.
11     First, Plaintiff's motion does not include a certificate that he has in good faith
12 conferred or attempted to confer with counsel for defendants. *Id.* While a party may
13 apply to the court for an order compelling discovery, Fed. R. Civ. P. 37 and LCR
14 37(a)(1) require the movant first to meet and confer with the party failing to make
15 disclosure or discovery in an effort to resolve the dispute without court action.
16     In addition, when filing a motion to compel, the movant must include in the
17 motion, or in a declaration or affidavit, a certification of such efforts. The certification
18 must list the date, manner, and participants to the conference. If the movant fails to
19 include such a certification, the Court may deny the motion without addressing the
20 merits of the dispute. *See* LCR 37(a)(1). The parties were advised of these
21 requirements in the Court's scheduling order. Dkt. 60 at 2.
22     The meet and confer process need not be in person and may be conducted
23 telephonically; accordingly, it can be accomplished by a pro se prisoner upon request to
24
25 ORDER DENYING PLAINTIFF'S MOTION TO EXTEND
THE DISCOVERY DEADLINE AND MOTION TO
COMPEL - 3

defendants' counsel. Plaintiff has failed to meet the requirements of the local court rule by not conferring with defendants' counsel by telephone or providing a certification of compliance with this rule. Thus, Plaintiff's motion to compel is DENIED[1].

## CONCLUSION

It is therefore ORDERED as follows:

1. Plaintiff's motion to extend the discovery deadline (Dkt. 95) is DENIED with prejudice; and

2. Plaintiff's motion to compel discovery from defendants (Dkt. 97) is DENIED with prejudice.

Dated this 8th day of March, 2022.

Theresa L. Fricke
United States Magistrate Judge

---

[1] Although the Court denies plaintiff's motion to compel on the grounds of his failure to meet-and-confer, the Court also notes that as to most of discovery responses that plaintiff found insufficient or inaccurate, he failed to explain how these responses are deficient. Rather, he simply states in many instances that defendants' objections are groundless. Dkt. 97 at 8-11.