UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES DAVID GRIEPSMA,<br><br>                    Plaintiff,<br><br>       v.<br><br>CHRISTIAN J. ANDERSEN, *et al.*,<br><br>                    Defendants. | CASE NO. 2:21-00302-LK-TLF<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

The Court has reviewed the Report and Recommendation of United States Magistrate Judge Theresa L. Fricke, Dkt. No. 120, and the remainder of the record. Judge Fricke recommended that the Court deny Mr. Griepsma's "Request for Permission to File (Proposed) 42 U.S.C. 1983 Supplemental Prisoner Civil Rights Complaint Under F.R.C.P. 15(d) With Jury Demand" ("Motion to Supplement") (Dkt. No. 92). Mr. Griepsma has not filed objections to the Report and Recommendation.

Judge Fricke recommended that the Court deny the Motion to Supplement because it did not appear that Mr. Griepsma was trying to supplement his complaint pursuant to Federal Rule of Civil Procedure 15(d) by adding events that happened after he filed his complaint. Dkt. No. 120 at

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

2; *see* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").[1] Instead, the additional allegations Mr. Griepsma sought to add appeared related to the events in 2019 that were alleged in his current amended complaint (Dkt. No. 43). Dkt. No. 120 at 2. Judge Fricke explained that Mr. Griepsma's request, liberally construed, seemed more consistent with a motion for leave to amend, but the request did not comply with Local Civil Rule 15. *Id.* That rule requires that the movant "attach a copy of the proposed amended pleading as an exhibit to the motion" or "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." *Id.* at 3 (citing LCR 15).

Because Mr. Griepsma's request to file a supplemental complaint did not seek to add matters that occurred after the filing of the initial complaint, as required by Federal Rule of Civil Procedure 15(d), and because the request (construed as a motion to amend rather than supplement) did not comply with Local Civil Rule 15, Judge Fricke recommended that his motion be denied. Dkt. No. 120 at 3. As stated above, Mr. Griepsma did not file objections to the Report and Recommendation.

Based on the foregoing and its review of the record, the Court hereby ORDERS as follows:

(1) The Court adopts the Report and Recommendation;

(2) Plaintiff's Motion to Supplement (Dkt. No. 92) is DENIED.

(3) Construed liberally as a motion to amend the complaint, Plaintiff's motion (Dkt. No.

---

[1] A supplemental pleading differs from an amended pleading because a supplemental pleading relates to matters occurring subsequent to the filing of the initial complaint, while an amended pleading relates to matters occurring prior to the filing of the initial complaint.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

92) is DENIED without prejudice, meaning that he may file a motion to amend the complaint that complies with the Court's local rules. As Judge Fricke stated in her order, "[i]f Plaintiff decides to file a motion to file an amended complaint, he must submit the entire amended complaint (not a supplement) to the Court with brackets or strike-throughs to show what is being deleted, and underlining or highlighting to show what is being added." Dkt. No. 120 at 3.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of June, 2022.

*Lauren King*

Lauren King
United States District Judge