UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES DAVID GRIEPSMA,

               Plaintiff,

    v.

CHRISTIAN J ANDERSEN,

               Defendants.

Case No. C21-302 LK-TLF

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt. 158. Plaintiff is proceeding *in forma pauperis.* For the reasons discussed below, plaintiff's request is denied without prejudice.

A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331

ORDER DENYING PLAINTIFF'S MOTION TO
APPOINT COUNSEL - 1

(9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Here, plaintiff filed his complaint *pro se* and has demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable to this Court. Plaintiff's allegations indicate that this is not a complex case involving complex facts or law.

In addition, plaintiff presents no evidence to show that he is likely to succeed on the merits of his case.  While plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Plaintiff contends that he does not have higher education, but this alone is not sufficient to require appointment of counsel. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (noting that contended exceptional factors were "difficulties which any litigant would have in proceeding pro se").

Thus, plaintiff fails to show either inability to present his claims to this Court without counsel or that exceptional circumstances require the Court to appoint counsel at this stage. *See generally, Mallard v. U.S. Dist. Court for Southern dist. of Iowa,* 490 U.S. 296, 310 (1989) (28 U.S.C. § 1915 does not allow a federal court to coercively appoint counsel); *James v. Eli,* 889 F.3d 320, 330-331 (7th Cir. 2018) (*en banc*) (district courts may ask, but not compel, a lawyer to represent an indigent litigant).

1

2

3

       The Court DENIES the motion (Dkt. 158) without prejudice. Plaintiff will be allowed to renew this motion if, later in the proceedings, exceptional circumstances would require appointment of counsel.

4

       The Clerk shall send a copy of this Order to plaintiff.

5

6

       Dated this 8th day of June, 2022.

7

8

9

*Theresa L. Fricke*

10
Theresa L. Fricke
United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER DENYING PLAINTIFF'S MOTION TO
APPOINT COUNSEL - 3