UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES DAVID GRIEPSMA,<br><br>               Plaintiff,<br>    v.<br><br>CHRISTIAN J ANDERSEN, et al.,<br><br>              Defendants. | Case No. C21-302 LK-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: September 16, 2022 |

This matter comes before the Court on plaintiff's motion to amend his complaint. Dkt. 195. Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. For the reasons set forth below, the undersigned recommends the Court GRANT in part and DENY in part plaintiff's motion.

## BACKGROUND

Plaintiff initiated this action on March 5, 2021. Dkt. 1-1; Dkt. 5. He alleges a number of claims, beginning with allegations that on April 3, 2019, DOC and Skagit Defendants subjected him to cruel and unusual punishment and violated his due process rights from use of force during and after his sentencing hearing, and conditions-of-confinement allegations for failure to provide constitutionally adequate medical care. *Id*. On August 3, 2021, this Court granted plaintiff leave to amend his complaint to substitute the names of defendants formerly identified as "John Doe," which is the current operative complaint. Dkts. 41, 42, 43.

REPORT AND RECOMMENDATION - 1

On January 14, 2022, plaintiff filed a motion requesting permission from the Court to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). Dkt. 92. Plaintiff also filed a proposed supplemental complaint. Dkt. 93. The Court denied plaintiff's motion for failure to follow Local Civil Rule 15 (LCR 15) and gave plaintiff a deadline of July 7, 2022, to file another motion to amend his complaint. Dkts. 120, 176, 178.

On June 24, 2022, plaintiff filed a proposed third amended complaint. But plaintiff failed to file a motion to amend, and his proposed third amended complaint did not comply with LCR 15 – which requires that a motion to amend must be accompanied by a proposed amended complaint that clearly identifies the differences between the operative complaint and the amendments being proposed. Dkt. 190.

On July 5, 2022, the Clerk of this Court noted the filing deficiency and provided plaintiff until August 5, 2022, to file an amended complaint. Dkt. 193. The Clerk provided plaintiff a copy of LCR 15. Dkt.193-1.

On July 15, 2022, plaintiff filed the instant motion. Dkt. 195. This motion provides a description of changes between the operative complaint (Dkt. 43) and the proposed third amended complaint (Dkt. 190). However, plaintiff's instant motion does *not* include a proposed amended complaint. It simply refers back to the proposed third amended complaint – which the Clerk of Court had already determined to be deficient, and the Clerk communicated to plaintiff that it was incorrectly filed. Dkt. 193.

In reviewing plaintiff's motion and the defendants' responses (Dkts. 200, 201), it appears that the defendants are not opposing the following changes plaintiff proposes to make to his complaint: (1) correct the name of one of the defendants, Jackson

Stramler and fix the case caption accordingly; and (2) remove defendant Jacob Grillo from the case entirely. Dkt. 195 at 2.

On the other hand, defendants are opposing the following changes plaintiff proposes to make to the operative complaint (Dkt. 43):

- Count 1: (1) reword the factual assertions for plaintiff's excessive force claim; and (2) assert the excessive form claim against DOC defendants Daniel White and Joan Palmer[1]. Dkt. 195 at ¶ 1.1-1.9.
- Count 2: (1) add DOC Classification and Case Management Administrator John Campbell as a new defendant and (2) add former County Sheriff Will Reichardt as a defendant. Plaintiff alleges that Mr. Campbell, Mr. Reichardt, and defendant Christian Anderson violated his First, Fifth, and Fourteenth Amendment rights when they unlawfully imprisoned him without a court order. Dkt. 195 at 8. As a result, he seeks monetary damages from these defendants. *Id.*
- Count 3: (1) add Skagit County Superior Court Judge Stiles as a defendant and (2) add Sheriff Will Reichardt as a defendant. *Id.* at 5. Plaintiff alleges that Mr. Reichardt and Judge Stiles violated his Fifth Amendment rights against criminal double jeopardy. *Id.* at 2. In addition to monetary damages, plaintiff also seeks an order from this Court directing Judge Stiles to reverse and release plaintiff from custody, expunge his criminal charges, and reinstate his "right to bare [sic] and to keep arms." *Id.* at 2, 8, 10.

---

[1] Defendants White and Palmer were originally part of plaintiff's second cause of action. Dkt. 43, at 6.

NOTED FOR: SEPTEMBER 16, 2022 - 3

Plaintiff also seeks to amend his requests for relief. Dkt. 195 at 7-11. The proposed amendments include seeking: (1) monetary damages against defendant Anderson, non-defendant Will Reichardt and non-defendant John Campbell for violating plaintiff's First, Fifth and Fourteenth Amendment rights (*Id.* at 8); (2) monetary damages against non-defendant Judge Stiles and non-defendant Will Reichardt for violating plaintiff's Fifth Amendment rights (*Id.*); (3) injunctive relief to change the prison's policy for "sick call sign up" (*Id.* at 9); (4) preliminary injunctive against defendant Palmer to schedule surgeries for inmates when referred and approved (*Id.*); (5) permanent injunction against defendants to remove restraints when inmates are left in holding cells and "to mail a working copy of the April 3, 2019, sentencing hearing audio/video surveillance in the form a flash drive" to plaintiff's mother in Canada (*Id.* at 10); (6) preliminary injunction ordering non-defendant Campbell to mail a copy of the April 3, 2019, digital cell front interview at the prison to plaintiff's mother (*Id.*); (7) preliminary injunction ordering non-defendants Judge Stiles and Will Reichardt to sign a protection order against Skagit County's Sheriff's office to release plaintiff from prison and expunge his conviction (*Id.* at 11); and finally, (8) declaratory relief that the acts and omissions described by plaintiff violated his rights under the Constitution (*Id.*).

The discovery period in this case has long passed (Dkt. 60), and defendants have filed their motions for summary judgment (Dkts. 104, 115) to meet the dispositive motion deadline in the Court's pretrial scheduling order (Dkt. 60).

# DISCUSSION

## A. Standard

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.; Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990). After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City,* 125 F .3d 777, 786 (9th Cir.1997).

A proposed amendment that necessitates reopening discovery or that creates the need for further discovery causes undue prejudice to the opposing party. *Lockhead Martin Corp. v. Networth Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999).

Leave to amend has also been denied when the moving party knew or should have known the facts upon which the amendment is based when drafting the original pleading, but did not include them in the original pleading. *Jordan v. Los Angeles,* 669 F.2d 1311, 1324 (9th Cir.), *vacated on other grounds,* 459 U.S. 810 (1982).

Under LCR 15, when a party moves to amend a pleading, they must:

> attach a copy of the proposed amended pleading as an exhibit to the motion or stipulated motion. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must

not incorporate by reference any part of the preceding pleading, including exhibits.

In this case, plaintiff did not comply with LCR 15. While plaintiff explains the differences between the operative complaint (Second Amended Complaint, Dkt. 43) and his proposed third amended complaint (Dkt. 190), he failed to submit a proposed amended complaint containing strikeouts and highlighting insertions. The Court has given plaintiff ample opportunities to comply with LCR 15 and sent plaintiff a copy of LCR 15 for his reference. Dkt. 193.

The Court provided these opportunities for plaintiff to submit a proposed complaint in accordance with LCR 15, but plaintiff has failed to do so.

Although the Court has discretion to deny the instant motion on this ground alone, the Supreme Court has instructed the federal courts to "liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). "Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel," *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), and pro se plaintiffs are ultimately held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although plaintiff's proposed third amended complaint (Dkt. 190) was rejected (Dkt. 195) by the Clerk of the Court because it did not comply with LCR 15, it may be reasonably inferred that plaintiff, who is not a lawyer, misunderstood and thought his proposed third amended complaint (Dkt. 190) was filed and assumed that he did not have to file it again with the instant motion.

Because federal courts should liberally construe plaintiff's pleading -- and in order to prevent further delay on this case -- the Court should also consider the merits of the proposed third amended complaint (Dkt. 190) and plaintiff's accompanying motion (Dkt. 195).

**B. Plaintiff's Unopposed Amendments**

Plaintiff's motion to amend the name of defendant Jackson Stramler and to dismiss Jacob Grillo as a defendant should be GRANTED.

**C. Plaintiff's Motion to Amend Count One**

Plaintiff's motion to amend count one of his complaint should be DENIED. Plaintiff appears to be alleging an excessive force claim, and he seeks to add DOC defendants White and Palmer to this claim. Dkt. 195, at 2.

The facts as reworded -- and the addition of defendants White and Palmer to this claim -- could have been asserted in plaintiff's prior complaint. Further, to the extent more discovery would need to be conducted regarding defendants White and Palmer's alleged involvement in the excessive force incident, the DOC defendants would be unduly prejudiced -- discovery has closed and they have moved for summary judgment based on claims in the operative complaint. *Lockhead Martin Corp. v. Networth Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999).

There is no good cause shown to allow this amendment; plaintiff has not adequately explained why he was ignorant of the factual basis of this claim, nor has he given the Court any other adequate explanation for his delay in amending this claim.

**D. Plaintiff's Motion to Amend Count Two**

Plaintiff's motion to amend count two of his complaint should be DENIED. He seeks to amend his cause of action from a medical care claim to a due process and unlawful imprisonment claim in violation of his First, Fifth, and Fourteenth Amendment rights. Dkt. 195 at 3-4. Further, plaintiff seeks to replace three DOC defendants with defendant Anderson and non-defendants Mr. Reichardt and Mr. Campbell. *Id.*

Plaintiff asserts no specific allegations in this count against the three individuals -- the allegation consists of a conclusory statement that they violated his civil rights by unlawfully imprisoning him. This alone is insufficient to state a claim for violations of his First, Fifth, and Fourteenth Amendment rights. Plaintiff makes conclusory allegations, devoid of factual enhancement – this is insufficient under *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In addition to the conclusory nature of the allegations, the statute of limitations would appear to have run. It appears from plaintiff's motion that the unlawful imprisonment conduct allegedly occurred in April 2019. Thus, plaintiff's allegations would be time-barred under the three-year statute of limitations. *See Jackson v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989). Plaintiff's attempt to amend to add new defendants, i.e., Mr. Reichardt and Mr. Campbell, would thus be futile unless they would relate back to the date of the filing of his operative complaint.

Plaintiff has presented nothing to suggest that, within 120 days of service of the operative complaint, Mr. Reichardt and Mr. Campbell had notice of the litigation such that they would not be prejudiced, and knew or should have known they were proper defendants. *See* Fed. R. Civ. P. 15(c); *G.F. Co. v. Pan Ocean Shipping Co. Ltd.,* 23 F.3d 1498, 1501 (9th Cir.1994).

**E. Plaintiff's Motion to Amend Count Three**

Plaintiff's motion to amend count three of his complaint to add Judge Stiles and Mr. Reichardt should be DENIED.

For the reasons explained in Section D, plaintiff should be not permitted to add Mr. Reichardt as a defendant.

Further, as a member of the Washington State judiciary, Judge Stiles would be immune from liability under 42 U.S.C. § 1983. *See Olsen v. Idaho State Bd. of Medicine,* 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983). Because the allegations concern Judge Stiles in his official capacity as a state court judge, he is immune from liability for damages under section 1983. Therefore, plaintiff fails to state a cognizable claim for damages under section 1983 against him.

**F. Plaintiff's Requests for Relief**

For the reasons discussed in Section D (Plaintiff's Motion to Amend Count Two) plaintiff's motion to amend his request for relief against defendant Anderson and non-defendants Will Reichardt and John Campbell (Dkt. 195 at 8) should be DENIED. Similarly, for the reasons discussed in Section E (Plaintiff's Motion to Amend Count Three), plaintiff's motion to amend his request for relief against non-defendants Judge Stiles and Will Reichardt (Dkt. 195 at 8) should be DENIED.

The DOC defendants object to plaintiff's request for injunctive relief – plaintiff asks the Court to order DOC or a DOC defendant to mail a flash drive to his mother in

Canada containing recordings of plaintiff's April 3, 2019, Skagit County Criminal Court sentencing hearing. Dkt. 195, at 9. Plaintiff states that the sentencing hearing is attached as Exhibit H to DOC defendants' motion for summary judgment. However, Exhibit H was stricken from the record when the Court disposed of defendants' motion for summary judgment as moot on February 9, 2022. Dkt. 114. Thus, this proposed amendment should be DENIED.

Plaintiff's request to send his mother the "cell front recording" from April 3, 2019 (Dkt. 195 at 9) should also be DENIED on the grounds that such recording does not exist in the record, and the discovery period is closed.

To the extent plaintiff's proposed amendments to his requests for relief are simply reworded and do not *add* new alleged damages, plaintiff should be permitted to make those amendments.

## CONCLUSION

For the foregoing reasons, plaintiff's motion should be granted in part and denied in part. The parties should also have the opportunity to file any amendments to their summary judgment motion and responses if this Report and Recommendation is adopted.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 16, 2022, as noted in the caption.

Dated this 26th day of August, 2022.

Theresa L. Fricke
United States Magistrate Judge