UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES DAVID GRIEPSMA,

        Plaintiff,

  v.

CHRISTIAN J ANDERSEN, et al.,

        Defendants.

Case No. C21-302 LK-TLF

ORDER

This matter comes before the Court on the following motions submitted by plaintiff :

(1) Motion to Strike Skagit Defendants Raised Defense of Qualified Immunity and Objections to Defendants' Motion for Summary Judgment Reply (Dkt. 136);

(2) Second Motion to Strike Skagit Defendants Raised Defense of Qualified Immunity and Objections to Defendants' Motion for Summary Judgment Reply (Dkt. 145);

(3) Third Motion to Strike Skagit Defendants Raised Defense of Qualified Immunity and Objections to Defendants' Motion for Summary Judgment Reply (Dkt. 154);

(4) Motion to Strike and Objections to DOC Defendants' Motion for Summary Judgment Reply (Dkt. 139);

(5) Motion to Renew Response to Motion for Summary Judgment (Dkt. 163);

ORDER - 1

      (6) Motion to Renew Strike (Dkt. 165);

      (7) Motion to Strike (Dkt. 171);

      (8) Motion to Exclude Evidence Regarding Disciplinary History (Dkt. 179); and

      (9) Motion to Bar Evidence of Plaintiff's Unrelated Litigation (Dkt. 171).

For the reasons discussed below, plaintiff's motions to strike (Dkts. 136, 139, 145, 154, 165, 171, 179) and motion to renew his response (Dkt. 163) are DENIED. And plaintiff's motion to bar evidence of his unrelated litigation is STRICKEN as premature. Dkt. 182.

## DISCUSSION

Plaintiff initiated this action on March 5, 2021. Dkt. 1-1; Dkt. 5. He alleges a number of claims, beginning with allegations that on April 3, 2019, DOC and Skagit Defendants subjected him to cruel and unusual punishment and violated his due process rights from use of force during and after his sentencing hearing, and conditions-of-confinement allegations for failure to provide constitutionally adequate medical care. *Id.* Plaintiff moved to leave to amend his complaint, which was granted by the Court. Dkt. 43. The Skagit County defendants, and in a separate motion, the DOC defendants, have moved for summary judgment (Dkts. 104, 115). Both motions are pending before the Court. In reviewing plaintiff's aforementioned motions, it appears that all of his motions are either untimely or premature.

Plaintiff's motions to strike (Dkts. 136, 145, 154, 171) relate to the Skagit County defendants' motion for summary judgment. Dkt. 104. Plaintiff seeks to strike the Skagit County defendants' reliance on qualified immunity. However, pursuant to Local Civil Rule 7(g), requests to strike materials contained in or attached to submissions of

ORDER - 2

opposing parties shall *not* be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion. If plaintiff sought to strike and oppose the Skagit County defendants' reliance on the qualified immunity defense, then his opportunity to do so would have been in his response to the motion for summary judgment.

Plaintiff filed a response to Skagit County defendants' motion for summary judgment (Dkt. 123). The Court will only consider plaintiff's arguments and opposition to Skagit County defendants' motion for summary judgment that are in his properly filed response. Accordingly, the Court DENIES plaintiff's motions at Dockets 136, 145, 154 and 171 as untimely.

Plaintiff also seeks to exclude evidence regarding his disciplinary history specifically referred to in Skagit County defendants' motion for summary judgment (Dkt. 179). He argues that such evidence is inadmissible pursuant to Federal Rule of Evidence 404. Dkt. 179 at 2. However, this motion is also untimely because plaintiff already filed a response to Skagit County defendants' motion for summary judgment. Plaintiff is permitted to question the admissibility of the evidence relied on by defendants in their motion; however, his objection should have been presented in his response (Dkt. 123). Any other subsequently filed response is untimely. Thus, plaintiff's motion to exclude evidence regarding his disciplinary history (Dkt. 179) is DENIED without prejudice. If appropriate, plaintiff may at a later time raise objections to admissibility of evidence in a motion in limine, or during trial, if the case proceeds to that phase of litigation.

ORDER - 3

For similar reasons, the Court also DENIES plaintiff's motion to strike and objections to DOC defendants' motion for summary judgment (Dkt. 139). Plaintiff filed his response to DOC defendants' motion for summary judgment at (Dkt 128), and he did not file a notice of intent to file a surreply. LCR 7(g). Thus, any other response from plaintiff relating DOC's motion for summary judgment is untimely and will not be considered by the Court.

It is unclear to the Court which "motion to strike" plaintiff is attempting to renew in his motion filed at Docket Entry 165. As discussed above, however, whether plaintiff is seeking to renew his motions to strike the Skagit County's motion for summary judgment or DOC's motion for summary judgment, or both, is immaterial since his motion is untimely. Accordingly, plaintiff's motion to renew his motion to strike is DENIED.

Plaintiff also filed a motion to renew his response to defendants' motion for summary judgment. Dkt. 163. He does not specify which of his responses (Dkts. 123, 128) he is seeking to renew. The Court presumes that he is referring to both responses. The Court is aware of plaintiff's responses to the defendants' motions for summary judgment. This motion to renew is duplicative of previously filed motions, and is DENIED.

Finally, plaintiff filed a motion to bar evidence of plaintiff's unrelated litigation. Dkt. 182. Because plaintiff does not specifically refer back to evidence relied on in another pending motion, the Court interprets this motion as a motion in limine.

A party may bring a motion in limine to obtain a ruling on the admissibility of specific evidence to be introduced at trial. The Court generally defers ruling on a motion

in limine until shortly before, or at the beginning of, trial to ensure that issues surrounding the disputed evidence and context for its admissibility are sufficiently established. In this case, dates for pretrial motions and a trial have not been set and will not be set until the pending dispositive motions have been ruled on. Thus, plaintiff's motion is denied without prejudice as premature.

## CONCLUSION

For the foregoing reasons, plaintiff's motions to strike arguments presented in defendants' motions for summary judgment (Dkts. 136, 139, 145, 154, 165, 171) and motion to renew his responses to defendants' motions for summary judgment (Dkt. 163) are DENIED. Further, plaintiff's motions to bar evidence of his disciplinary record, and unrelated litigation, are DENIED without prejudice. Dkts. 179, 182.

Dated this 7th day of October, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 5