THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES DAVID GRIEPSMA,<br><br>            Plaintiff,<br><br>    v.<br><br>CHRISTIAN J. ANDERSEN, *et al.*,<br><br>            Defendants. | CASE NO. C21-0302-JCC-TLF<br><br>ORDER |

       This matter comes before the Court on Defendants Deputies Christian Andersen, Cameron Banas, Douglas Faddis, Guillermo Garcia, and Jackson Stramler's ("Defendants")[1] objections (Dkt. No. 219) to the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 218). Having thoroughly considered the briefing and record, the Court RETURNS the matter to Judge Fricke for further consideration, as instructed here.

       According to the R&R, Plaintiff alleges Defendants violated his Eighth Amendment rights during a sentencing hearing when they applied excessive force in response to Plaintiff's unruly behavior. (*See* Dkt. No. 218 at 3–7.) He brings claims pursuant to 42 U.S.C. § 1983. (*See generally* Dkt. No. 43.) It is undisputed that, during a 2019 sentencing hearing at the Skagit

---

[1] Claims against all other defendants have since been dismissed. (*See* Dkt. Nos. 207, 222.)

County Community Justice Center, Plaintiff refused to sign the final judgment and sentence, spit at the Deputy Prosecutor, and, in general, was aggressive and non-compliant. (*See* Dkt. No. 218 at 3–7.) In response, Skagit County Deputies restrained and struck Plaintiff. (*Id.*) But, according to the R&R, *which* Defendants restrained Plaintiff, *which* struck him, and *how much* force each applied remains in dispute. (*Id.*)[2]

The Court reviews objections *de novo* and may accept, reject, or modify an R&R; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Defendants take issue with Judge Fricke's failure to make particularized findings with respect to each of the Defendants' alleged actions (amongst other things). (*See* Dkt. No. 219 at 4.) They note that, according to the Amended Complaint, only Deputies Andersen and Stramler struck Plaintiff. (*See id.* at 3 (citing Dkt. No. 43 at 5, 12–13).) Deputies Banas, Faddis, and Garcia only restrained him. (*Id.*) On this basis, they suggest that no genuine issue of fact precludes summary judgment in favor of these non-striking Defendants. (*Id.* at 4.) The implication being mere restraint cannot generate a colorable Eighth Amendment claim, particularly in light of Plaintiff's undisputed history and conduct during the hearing.[3]

While this Court disagrees with the notion that mere restraint cannot support an Eighth Amendment claim, it does agree that, in concluding that genuine issues of fact preclude summary judgment here, the R&R did not clearly indicate whether Judge Fricke considered the allegations in the Amended Complaint regarding Deputies Banas, Faddis, and Garcia, along with the undisputed facts as applied to those Defendants.

For this reason, the Court INSTRUCTS Judge Fricke to issue a revised R&R containing

---

[2] Technically, these are not the only disputed issues, (*see id.* at 10), but they are the ones relevant to Defendants' present objections.

[3] As the R&R points out, for an Eighth Amendment claim brought by a convicted person, the relevant standard is whether the amount of force applied in response to a disturbance reflected "a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." (Dkt. No. 218 at 8) (internal citations omitted).

separate analysis for each of these three Defendants, as follows: (1) cabined by the allegations contained in the Amended Complaint; (2) with consideration given to genuine issues of fact Plaintiff established through summary judgment briefing; and (3) in light of the undisputed material facts here, particularly Defendant's history and conduct during the hearing.

DATED this 6th day of April 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE