UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES DAVID GRIEPSMA,<br><br>                Plaintiff,<br>   v.<br><br>CHRISTIAN J. ANDERSEN, et al.,<br><br>                Defendants. | Case No. 2:21-cv-00302-JCC-TLF<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

### I.    INTRODUCTION

Plaintiff James David Griepsma, a prisoner proceeding *pro se* and *in forma pauperis*, has previously moved for appointment of pro bono counsel on two separate occasions. *See* Dkts. 8,158. The Court denied each motion. *See* Dkts. 23, 177. For the reasons set forth below, the Court *sua sponte* reconsiders Mr. Griepsma's most recent request for appointment of counsel and now concludes that extraordinary circumstances support the appointment of counsel in this case. Thus, the Court conditionally GRANTS Mr. Griepsma's second motion for appointment of pro bono counsel, contingent on the identification of counsel willing to represent Mr. Griepsma pro bono in this matter.

### II.    BACKGROUND

This is a 42 U.S.C §1983 civil rights action brought by Mr. Griepsma, a former inmate at MCC, who has since been released. Mr. Griepsma alleges that on April 3, 2019, while being transported from MCC to Skagit County Community Justice Center

...

for his sentencing hearing, he was struck in the face by Defendant Christian Anderson, a Skagit County officer, and possibly, other officers. He further claims that Defendant Anderson put his knee on Mr. Griepsma's ribcage in an attempt to get his fingerprints. After obtaining Mr. Griepsma's fingerprints, the Skagit County officers took him from the courtroom to a hallway where plaintiff allegedly grabbed a DOC officer when he attempted to resecure the spit hood. Defendant Stramler struck Mr. Griepsma three times in the shoulder. Plaintiff alleges that the Skagit County defendants violated his due process rights and his right to be protected from cruel and unusual punishment. Mr. Griepsma also brought a failure to intervene claim against the DOC officers that transported him from MCC to the courthouse for his hearing. *See* Dkt. 43 (Amended Complaint).

for his sentencing hearing, he was struck in the face by Defendant Christian Anderson, a Skagit County officer, and possibly, other officers. He further claims that Defendant Anderson put his knee on Mr. Griepsma's ribcage in an attempt to get his fingerprints. After obtaining Mr. Griepsma's fingerprints, the Skagit County officers took him from the courtroom to a hallway where plaintiff allegedly grabbed a DOC officer when he attempted to resecure the spit hood. Defendant Stramler struck Mr. Griepsma three times in the shoulder. Plaintiff alleges that the Skagit County defendants violated his due process rights and his right to be protected from cruel and unusual punishment. Mr. Griepsma also brought a failure to intervene claim against the DOC officers that transported him from MCC to the courthouse for his hearing. *See* Dkt. 43 (Amended Complaint).

Both the DOC defendants and Skagit County defendants moved for summary judgment. U.S. District Judge John Coughenour adopted the Report and Recommendation granting the DOC defendants' summary judgment motion. *See* Dkt. 222. With respect to the Skagit County defendants' motion for summary judgment, the Court recommended denying it on the grounds that there was a genuine material dispute of facts as to what each defendant did or did not do in the courtroom and in the hallway, and whether defendants' actions were necessary, reasonable, and consistent with a good faith effort to restore order. *See* Dkt. 218. In making this recommendation, the Court reviewed video surveillance of the events that occurred in the courtroom and hallway during Plaintiff's sentencing hearing. *Id.*

Defendants objected to the Report and Recommendation in part and asked the Court to grant their motion for summary judgment as to defendants Banas, Faddis and

ORDER GRANTING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 2

Garcia. *See* Dkt. 219. Defendants did not object to the undersigned's recommendation to denying summary judgment as to defendants Anderson and Stramler.

On April 6, 2023, Judge Coughenour requested a revised Report and Recommendation containing a separate analysis for defendants Banas, Faddis and Garcia. *See* Dkt. 223.

### III.   ANALYSIS

The court first reviews the legal standard for appointing pro bono counsel in civil rights litigation before turning to Mr. Griepsma's motions for appointment of counsel.

**A.  Legal Standard for Appointment of Counsel**

There is no constitutional right to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (whether to grant a request for counsel in section 1983 cases is "discretionary, not mandatory"). However, in "exceptional circumstances," a district court may request counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998).

Because there is no right to counsel in a civil case, the Court does not have authority to compel counsel to provide representation. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Instead, the Court may only "request" that counsel serve. 28 U.S.C. § 1915(e)(1); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (noting that § 1915 only permits a court to "request" counsel, not to compel representation). Nor may the court appoint publicly funded counsel, such as the Federal Public Defender. "The Supreme Court has declared that 'the expenditure of public funds

[on behalf of an indigent litigant] is proper only when authorized by Congress.'" *Tedder v. Odel,* 890 F.2d 210, 211 (9th Cir. 1989) (citing *United States v. MacCollom,* 426 U.S. 317, 321 (1976)). Congress has not provided funds to pay counsel secured under 28 U.S.C. § 1915(e). *See 30.64 Acres of Land*, 795 F.2d at 801. Accordingly, the court is limited to making a request for pro bono counsel to provide voluntary representation.

The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of these factors is dispositive; instead, the court must view both factors together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). If the court determines that extraordinary circumstances warrant appointment of counsel, it will direct the Clerk of the Court to identify an attorney from the Pro Bono Panel who is willing to represent the plaintiff in accordance with this District's Pro Bono Plan. *See* General Order No. 16-20, Section 4(b) (Dec. 8, 2020). Only after such an attorney is identified will the court issue an order appointing him or her to represent the plaintiff. *See id*.

**B.  Mr. Griepsma's Motions for Appointment of Counsel**

The court previously denied Mr. Griepsma's most recent motion to appoint counsel because it concluded that he had failed to demonstrate that his circumstances were "exceptionally different from the majority of the challenges faced by *pro se* litigants." *See* Dkt. 177.

ORDER GRANTING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 4

Given that Defendants did not object to the undersigned's recommendation to denying summary judgment as to defendants Anderson and Stramler, it appears that this case will advance toward trial. At this time, the Court cannot predict Mr. Griepsma's likelihood of success on the merits.

Given the complexities relating to the video surveillance, it would be beneficial to Mr. Griepsma if counsel was appointed to review the video, Report and Recommendation denying summary judgment as to the Skagit County defendants and the Court's request for a revised Report and Recommendation.

Thus, on further consideration of Mr. Griepsma's motions for appointment of counsel, the Court believes that appointment of pro bono counsel may be appropriate in light of the review of video surveillance and the legal questions to be assessed.

### IV.   CONCLUSION

For the foregoing reasons, the court conditionally GRANTS Mr. Griepsma's second motion to appoint counsel (Dkt. 158), contingent on the Clerk of the Court's identification of counsel willing to represent Mr. Griepsma in this matter. The court DIRECTS Clerk of the Court to seek counsel to represent Mr. Griepsma, in accordance with the court's Pro Bono Plan.

If an attorney is willing to represent Mr. Griepsma pro bono, the court will issue appropriate appointment orders.

Dated this 18th day of May, 2023.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 6